UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
HERNAN RAMIREZ-HERNANDEZ, *pro se*,  :
                                          :
                       Petitioner,  :
                                            :  **MEMORANDUM AND ORDER**
          -against-                        :  09-CV-4107 (DLI)
                                            :
UNITED STATES OF AMERICA,  :
                                            :
                     Respondent.  :
                                            :
-------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se*[1] petitioner Hernan Ramirez-Hernandez ("Petitioner") filed this petition for a writ of *habeas corpus*, challenging his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). Petitioner argues he received ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution, because his attorney failed to move for a downward departure from the mandatory minimum sentence imposed by the court. The government opposes the petition. For the reasons set forth below, the petition for writ of *habeas corpus* is denied in its entirety.

I.     **Background**

    A.  *Plea Agreement and Plea Hearing*

On May 13, 2008, under oath and represented by counsel, Petitioner pled guilty, pursuant to a written plea agreement to Count One of the indictment, which charged that Petitioner conspired to import 100 grams or more of heroin into the United States, in violation of Title 21,

---

[1] The court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [petition], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

United States Code, Section 963. (*See* 09-CV-4107, Dkt No. 3, Ex. A ("Plea Agreement"); *id.*, Ex. B, May 13, 2008 Guilty Plea Transcript ("Plea Tr.") at 25.) The written Plea Agreement Petitioner entered into on May 13, 2008 stated, *inter alia*, that the charge to which Petitioner was pleading guilty carried a maximum sentence of forty years' imprisonment and a mandatory minimum sentence of five years' imprisonment. (Plea Agreement ¶ 1.) The Plea Agreement also stated that, as long as Petitioner had no prior convictions, the likely adjusted offense level under the United States Sentencing Guidelines ("U.S.S.G.") would be 24, which carried a range of imprisonment of 51 to 63 months, and, if Petitioner pled guilty on or before May 13, 2008, the government would move for a reduction of one point, resulting in an offense level of 23, which carried a range of imprisonment of 46 to 57 months. (*Id.* ¶ 2.) However, the Plea Agreement further stated that, because Petitioner was subject to a mandatory minimum sentence of 60 months, the effective U.S.S.G. range of imprisonment would actually be 60 to 63 months. (*Id.*) Additionally, the Plea Agreement also contained an explicit appellate waiver provision (the "Waiver Provision") whereby Petitioner "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 63 months or below." (*Id.* ¶ 4.)

During the plea hearing, the court asked Petitioner, *inter alia*, whether he was satisfied with the representation and advice given to him by his attorney and whether he had had sufficient time to discuss his decision to plead guilty with her. (Plea Tr. at 4-5, 8-9.) Petitioner responded affirmatively to the questions. (*Id.*) The court also explained to Petitioner that "by pleading guilty and by entering into the plea agreement that is before the court today, you will have waived or given up your right to an appeal or to collaterally attack all or part of the sentence that I will impose if I should impose a sentence of 63 months or something below that. Do you understand that?" (*Id.* at 14.) Petitioner responded that he understood. (*Id.*) Shortly thereafter

2

the court explained the Waiver Provision again and Petitioner again stated he understood and consented to the agreement.  (*Id.* at 17.)

The court also explained to Petitioner that the charge to which he was pleading guilty carried a minimum term of five years' imprisonment. (*Id.* at 18.)   Petitioner's counsel represented that Petitioner wished to proffer for the safety valve exception, pursuant to 18 U.S.C. § 3553(f).  (*Id.* at 23.)   The court then explained to Petitioner that "what is important about the safety valve is . . . it allows the court to impose a sentence that is less than the statutory minimum." (*Id.* at 24.)  Accordingly, the court informed Petitioner that "it's always to your benefit to do your best at those [proffer] meetings."  (*Id.*)  Then, based on Petitioner's responses to all of the court's inquiries, the court found "that [Petitioner] is not only acting voluntarily and that he understands his rights and the consequences of his plea but also that there is a factual basis for the plea and I therefore accept his plea of guilty to count one of the indictment."  (*Id.* at 30.)

### B.  Sentencing Hearing

On February 19, 2009, Petitioner appeared before the court for sentencing.  (*See* 09-CV-4107, Dkt No. 3, Ex. C, February 19, 2009 Sentencing Transcript ("Sent. Tr.").)   The court adopted the Probation Department's calculation that Petitioner's U.S.S.G. range was 46 to 57 months.  (*Id.* at 8.)   However, the court also noted that Petitioner had not satisfied the requirements for the safety valve "although he otherwise appear[ed] to be eligible in terms of his criminal history category[.]"   (*Id.*)   Accordingly, the court concluded "that the statutory minimum of 60 months trumped the guidelines as far as the minimum is concerned."  (*Id.*)  Counsel for both parties agreed.  (*Id.*)  The court then asked Petitioner whether he understood what was being discussed and Petitioner responded in the affirmative.  (*Id.*)

Petitioner's counsel next informed the court that she was not seeking a downward departure. She stated that "ordinarily, because of my client's medical condition, I would have, but given that the mandatory minimum is above the guideline recommendation [,] I'm not." (*Id.* at 9.) Petitioner's counsel further stated she was "saddened that we were not able to reach an agreement on the safety valve. I have met with Mr. Ramirez to discuss this on three occasions." (*Id.* at 9.) Petitioner's counsel then concluded that "given his age, the fact that this is his first conviction, and given his medical condition he's asked me to ask the Court to be as merciful as possible." (*Id.* at 9-10.)

Before the court imposed sentence, the court made the following statement:

> This was not an overly complicated case with excessive computations. In some ways the sentencing here is difficult, nevertheless, because of Mr. Ramirez-Hernandez' reluctance to follow up on the opportunity to qualify for the safety valve. This is [the] kind of a case where commonly the safety valve is granted, especially considering the fact that this is Mr. Ramirez-Hernandez' first arrest.

(*Id.* at 10-11.) The court continued by addressing Petitioner's counsel:

> I don't envy you your position, Ms. Whalen, because by not following up with the safety valve [Petitioner] has, in effect, tied your hands in terms of being able to make either a downward departure motion or a non-guidelines motion under 3553(a) in light of the life threatening illness that Mr. Ramirez-Hernandez is coping with.

(*Id.* at 11.) The court then continued by noting:

> Although the progress [of Petitioner's illness] seems not to be at an elevated state, nevertheless, that's something that could change at any given time, and so, while the Court also has to consider the 3553(a) factors, and certainly, the Court has looked at them, but the fact of the statutory minimum almost makes that an exercise in futility because, based on the facts and circumstances here and certainly, the history and characteristics of Mr. Ramirez-Hernandez and his age -- he is 60 years old, I believe, and that certainly puts him in the class of defendants who are less likely to

4

> recidivate, the fact that he does suffer from a life threatening illness, as I said, which relates to the Court's consideration of providing medical -- appropriate medical treatment to the defendant, is in many ways just taken out of my hands, and certainly, those are factors that I would have considered and entertained a motion for in this case.

(*Id.* at 11-12.)  The court then imposed the statutory minimum 60 months' sentence.  (*Id.* at 12.)

### C. Appeal and Habeas Petition

Despite the Waiver Provision in the Plea Agreement, Petitioner filed a Notice of Appeal to the Second Circuit Court of Appeals on February 25, 2009, challenging his conviction.  (*See* 08-CR-155, Dkt No. 46.)   On May 28, 2009, Petitioner signed a stipulation voluntarily withdrawing his appeal.  (*See* 09-CV-4107, Dkt No. 3, Ex. D ("Stipulation").)  On June 11, 2009, the Second Circuit entered the stipulation.  (*See id.*)  On September 15, 2009, Petitioner filed the instant petition, arguing his counsel rendered ineffective assistance because she failed to seek a downward departure of his sentence on the grounds that: 1) Petitioner showed remorse; 2) Petitioner is a deportable alien; 3) the condition of Petitioner's pre-trial confinement was below standard; 4) Petitioner's family will suffer undue hardship because of the incarceration; and 5) when considering all the grounds together, a downward departure was warranted.  (*See* 09-CV-4107, Dkt No. 1, Pet'rs' Br. at 5.)  Accordingly, Petitioner moves the court to apply a downward departure to the sentence he is currently serving.  For the reasons discussed below, Petitioner's claim is denied.

## II.   Discussion

### A. Petitioner Waived His Right to Seek Habeas Relief

In general, the Second Circuit rejects attempts to challenge a conviction where a petitioner waived that right pursuant to a written plea agreement.  *See Garcia-Santos v. United States*, 273 F. 3d 506, 508-09 (2d Cir. 2001) (*per curiam*); *United States v. Pipitone*, 67 F. 3d 34,

39 (2d Cir. 1995).  Courts have also enforced such waivers when a petitioner agrees, pursuant to a written plea agreement, not to challenge a sentence within a stipulated U.S.S.G. range.  *See Garcia-Santos*, 273 F. 3d at 507-09 (holding a petitioner's waiver of appeal and collateral attack binding in a Section 2255 proceeding where the imprisonment term was within the stipulated guideline range); *Pipitone*, 67 F. 3d at 39 (holding a petitioner's "explicit undertaking in the [Plea] Agreement not to appeal a sentence that fell within [the] guideline range," within which he was ultimately sentenced, precluded him from both directly appealing or collaterally challenging his sentence).

Here, the record is clear that Petitioner signed the written Plea Agreement, and knowingly and voluntarily waived his right to seek *habeas* relief.  (*See* Plea Tr. at 8-9, 14-17, 31.)  By entering into the Plea Agreement, Petitioner explicitly agreed to "not file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 63 months or below."  (Plea Agreement ¶ 4.)  Notably, Petitioner stated to the court, under oath, that he understood that agreement.  (Plea Tr. at 14, 16.)  As Petitioner ultimately received a sentence of 60 months of imprisonment, which was below the waiver of appeal threshold stipulated in his Plea Agreement, Petitioner waived his right to challenge his conviction and sentence.

### B.  Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit

Petitioner seeks to circumvent the waiver of his right to appeal by raising claims of ineffective assistance of counsel.  The Second Circuit has held that "a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel."  *United States v. Hernandez*, 242 F. 3d 110, 113-14 (2d Cir. 2001) (citing *United States v. Djelevic*, 161 F. 3d

104, 107 (2d Cir. 1998)).  Therefore, a waiver is not enforceable if a petitioner can demonstrate that he unknowingly or involuntarily agreed to the plea directly owing to the ineffective assistance of his counsel.  *See Hernandez*, 242 F. 3d at 113-14.

Here, Petitioner does not claim that he unknowingly or involuntarily entered into the Plea Agreement because of the ineffective assistance of his counsel, as he must to overcome the Waiver Provision.  (*See generally* Pet'r's Br.); *see also Hernandez*, 242 F. 3d at 113-14.  Instead, Petitioner asserts his counsel was ineffective because she did not seek a downward departure of his sentence.  (Pet'r's Br. at 5.)  Petitioner thus fails to properly allege an ineffective assistance of counsel claim that would render the Waiver Provision unenforceable.  Moreover, as discussed *supra*, in Part II.A, the record of this matter, including Petitioner's withdrawal of his appeal, establishes that Petitioner's decision to enter the Plea Agreement was knowing and voluntary.  (*See* Plea Tr. at 8-9, 14-17, 30.)  Accordingly, the Waiver Provision is enforceable and the court need not reach Petitioner's ineffective assistance of counsel claim as presently alleged.  *See United States v. Monzon*, 359 F. 3d 110, 116 (2d Cir. 2004) ("Where the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable.").  Nevertheless, in light of Petitioner's *pro se* status, the court will address the merits of Petitioner's claim.

Petitioner asserts that his counsel was ineffective because she did not move for a downward departure from his mandatory minimum sentence.  (Pet'r's Br. at 5.)  The court evaluates Petitioner's claim of ineffective assistance of counsel under the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  The petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms."  *Strickland*, 466 U.S. at 687-88.  If that burden is overcome, the petitioner

must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Petitioner has failed to establish that his attorney provided ineffective assistance.

Counsel's decision not to seek a downward departure from Petitioner's mandatory minimum sentence did not fall below an objective standard of reasonableness. A district court may sentence a defendant below a statutory minimum only where: 1) the defendant provides "substantial assistance" and the government moves, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for a reduction below the statutory minimum or; 2) where the safety valve exception applies. [2] *See United States v. Oliveras*, 359 F. App'x 257, 258 n.1 (2d Cir. 2010).

Here, Petitioner affirmed he understood the charge to which he was pleading guilty carried a mandatory minimum sentence of five years' imprisonment and the court explained to him that he needed to qualify for the safety valve exception before the court could consider imposing a sentence below the statutory minimum. (Plea Tr. at 18-19, 23-24.) Counsel, acting as a zealous advocate for her client, attempted, on three occasions, to assist Petitioner in satisfying the safety valve requirements, but Petitioner was reluctant to cooperate. (Sent. Tr. at 8-11.) Thus, as a consequence of Petitioner's own inaction, he failed to meet the safety valve exception and he therefore became ineligible to receive a sentence below the statutory minimum. *See Oliveras*, 359 F. App'x at 258 ("[D]istrict courts generally lack the authority to impose a sentence below the statutory minimum." (citing *Kimbrough v. United States*, 552 U.S. 85, 108 (2007))). Accordingly, counsel's decision not to move the court to downwardly depart when

---

[2] In the instant case the government did not move for a reduction below the statutory minimum pursuant to Section 3553(e) or U.S.S.G. § 5K1.1.

imposing the sentence was not unreasonable as the court had no authority to grant the motion. *See id.* ("[T]he district court manifestly erred in sentencing defendant to a term below the statutory minimum" where the defendant did not qualify for the safety valve exception and the government did not move for a reduction based on defendant's substantial assistance).

Moreover, Petitioner was not prejudiced by counsel's decision.  Even if counsel had moved for a downward departure, the motion would have been denied because Petitioner's failures to satisfy the safety valve exception foreclosed the possibility that he could have received a sentence lower than the statutory minimum.  *See id.*; *see also Jerez v. United States*, 2012 WL 473490, at *2 (S.D.N.Y. Feb. 14, 2012) (counsel not ineffective for failing to move for a downward departure from mandatory minimum because petitioner could not have received a sentence lower than the mandatory minimum sentence he had received).

Accordingly, as Petitioner has failed to make a showing of ineffective assistance of counsel under the *Strickland* standard, his claim is denied.

## III.      Conclusion

For the reasons set forth above, Petitioner's request for relief pursuant to Section 2255 is denied in its entirety.  Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
        May 21, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge

10